RICHARD H. GREENER, ISB #1191
**GREENER BURKE & SHOEMAKER P.A.**
The Banner Bank Building
950 W. Bannock Street, Suite 900
Boise, ID  83702
Telephone:      208/319-2600
Facsimile:       208/319-2601
Email:            rgreener@greenerlaw.com

GREGORY L. WATTS, *pro hac vice*
**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone:      650/493-9300
Facsimile:       650/493-6811
Email:            gwatts@wsgr.com

CLAIRE L. DAVIS, *pro hac vice*
**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone:      206/883-2500
Facsimile:       206/883-2699
Email:            cldavis@wsgr.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SANJAY ISRANI, derivatively on behalf of Nominal Defendant Nighthawk Radiology Holdings, Inc.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PAUL E. BERGER, et al.,<br><br>　　　　　Defendants,<br>　and<br><br>NIGHTHAWK RADIOLOGY HOLDINGS, INC.,<br><br>　　　　　Nominal Defendant. | Case No. 2:10-cv-00450-BLW<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

**DEFS' MEMORANDUM ISO
MOTION TO DISMISS VERIFIED
DERIVATIVE COMPLAINT**
2:10-CV-00450-BLW

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................... 1

BACKGROUND ..................................................................................................................... 1

ARGUMENT ........................................................................................................................... 4

    I.    Delaware Law Governs Post-Merger Derivative Standing in this Action.............. 4

    II.   Plaintiff Does Not Have Standing Because He is No Longer a Nighthawk Stockholder. ............................................................................................................ 5

    III.  Plaintiff Cannot Maintain Standing Under Any Exceptions Available in Delaware Law. ........................................................................................................ 6

CONCLUSION........................................................................................................................ 9

**DEFS' MEMORANDUM ISO
MOTION TO DISMISS VERIFIED
DERIVATIVE COMPLAINT**
2:10-CV-00450-BLW

- i -

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

## TABLE OF AUTHORITIES

Page

### CASES

*Alabama By-Products Corp. v. Cede & Co.*, 657 A.2d 254 (Del. 1995) .......................................... 5

*Aronson v. Lewis*, 473 A.2d 805 (Del. 1984) ................................................................................ 9

*Brehm v. Eisner*, 746 A.2d 244 (Del. 2000) .................................................................................. 9

*Beck v. Ysursa*,
  No. cv-07-299-MHW, 2007 WL 4224051 (D. Idaho Nov. 27, 2007) ................................. 9

*In re Syncor Int'l Corp. S'holders Litig.*, 857 A.2d 994 (Del. Ch. 2004) ....................................... 5

*Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90 (1991) ................................................................. 4

*Kramer v. Western Pac. Indus.*, 546 A.2d 348 (Del. 1988) ............................................................ 5

*Lewis v. Anderson*, 477 A.2d 1040 (Del. 1984) ............................................................................. 5

*Lewis v. Ward*, 852 A.2d 896 (Del. 2004) ........................................................................ 5, 6, 7, 8

*Orrock v. Appleton*, 213 P.3d 398 (Idaho 2009) ............................................................................ 4

*Rales v. Blasband*, 634 A.2d 927 (Del. 1993) ................................................................................ 6

### STATUTES

8 Del. Code § 259(a) .................................................................................................................. 5, 6

Idaho Code § 30-1-1505 ................................................................................................................. 4

### RULES

Del. Ch. Ct. Rule 9(b) .................................................................................................................... 7

Federal Rule of Civil Procedure 12(b)(1) ................................................................................... 1, 9

**DEFS' MEMORANDUM ISO
MOTION TO DISMISS VERIFIED
DERIVATIVE COMPLAINT**
2:10-cv-00450-BLW

- ii -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Defendants Paul E. Berger, Jon D. Berger, Timothy M. Mayleben, Glenn R. Cole, Charles R. Bland, David J. Brophy, and Peter Y. Chung (collectively "Defendants") respectfully submit this Memorandum of Points and Authorities in support of their accompanying Motion to Dismiss Plaintiff's Verified Shareholder Derivative Complaint.

## INTRODUCTION

Plaintiff Sanjay Israni was purportedly a stockholder of Nighthawk Radiology Holdings, Inc. ("Nighthawk" or "Company") when he filed Plaintiff's Verified Shareholder Derivative Complaint ("Complaint" or "¶ _") on September 2, 2010.  ¶ 5.  On December 22, 2010, however, the stockholders of Nighthawk approved the terms of a merger between Nighthawk and Virtual Radiologic Corporation ("vRad"), which resulted in Nighthawk becoming a subsidiary of vRad. Under the terms of that merger, former stockholders of Nighthawk received cash in exchange for their stock.  As a wholly owned subsidiary of vRad, Nighthawk thus no longer exists as a publicly held entity, and plaintiff no longer owns Nighthawk stock.  Since plaintiff is not a stockholder of Nighthawk, he does not have standing to maintain a shareholder derivative action on behalf of Nighthawk, and this action must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## BACKGROUND

Until the merger with vRad, Nighthawk was a Delaware corporation with its principal offices located in Scottsdale, Arizona, and additional offices in Coeur d'Alene, Idaho. Nighthawk was a leading provider of teleradiology services – contracting with radiologists to provide off-hour preliminary reads of medical scans to radiology groups and hospitals located in the United States.  ¶ 18.  In 2007, Nighthawk completed three corporate acquisitions.  ¶ 28.

DEFS' MEMORANDUM ISO
MOTION TO DISMISS VERIFIED
DERIVATIVE COMPLAINT
2:10-CV-00450-BLW

- 1 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

These transactions included the acquisition of Teleradiology Diagnostic Service in February 2007, Radlinx in April 2007, and Midwest Physician Services LLC in July 2007. *Id.*

**This Derivative Action**

On September 2, 2010, plaintiff filed this derivative action, purportedly on behalf of Nighthawk and for its benefit. ¶ 1.[1] The Complaint alleges that certain then-current and former directors and officers of Nighthawk breached their fiduciary duties to the Company by making false or misleading statements regarding the integration of the three companies Nighthawk acquired in 2007. ¶¶ 68-71. Specifically, the Complaint asserts the following claims against Defendants: (1) breach of fiduciary duty as a result of the dissemination of false or misleading statements; (2) breach of fiduciary duty as a result of the failure to maintain adequate internal controls; (3) unjust enrichment; (4) abuse of control; and (5) gross mismanagement. ¶¶ 68-87.

**vRad's Acquisition of Nighthawk**

On September 26, 2010, Nighthawk entered into a merger agreement with vRad, a Delaware corporation ("Merger Agreement"). Exhibit ("Ex.") A at 6 (Nighthawk's Form 8-K, filed September 26, 2010).[2] Nighthawk's board of directors unanimously determined that the terms of the Merger Agreement were "advisable, fair to and in the best interest of Nighthawk and [its] stockholders." Ex. B at 10 (Nighthawk's Schedule 14A Proxy Statement, filed November 23, 2010). At a special meeting held on December 22, 2010, Nighthawk's stockholders

---

[1] On September 8, 2010, a second shareholder derivative action, *David Jarrett v. Berger*, Case No. CV-10-7752, was filed in the District Court of the First Judicial District of the State of Idaho for Kootenai County. Proceedings in that action are stayed until the instant action is resolved.

[2] All exhibits can be found attached to the Declaration of Claire L. Davis filed herewith.

DEFS' MEMORANDUM ISO
MOTION TO DISMISS VERIFIED
DERIVATIVE COMPLAINT
2:10-CV-00450-BLW

- 2 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

overwhelmingly approved the Merger Agreement – with 97.5 percent of the represented shares of Nighthawk's common stock being voted in favor of the agreement. Ex. C at 14 (Nighthawk's Form 8-K, filed December 22, 2010). As a result, vRad completed its acquisition of Nighthawk (the "Merger"). *Id*. at 14.

On December 22, 2010, the effective date of the Merger, Nighthawk ceased to exist as a publicly-held entity and became a wholly-owned subsidiary of vRad. *Id*. at 13. By means of the Merger, vRad acquired all outstanding shares of Nighthawk common stock in exchange for a cash payment, converting each share into the right to receive $6.50 in cash, a price constituting a 122 percent premium over Nighthawk's average stock price for the 30 calendar days prior to the announcement of the transaction. Ex. C at 13; Ex. B at 10. Thus, Nighthawk stockholders were provided a cash payment for the value of their stock, and, thereby were fully divested of any ownership interest in the Company.[3]

**Unrelated Merger Litigation**

The Complaint in this action does not make any allegations related to the Merger, or assert any claim against vRad or its officers or directors. Rather, this lawsuit relates exclusively to events that preceded the Merger. On September 28, 2010, Mr. Israni filed an entirely separate lawsuit challenging the Merger (the "Merger Lawsuit"). *See* Ex. D (complaint filed in *Israni v. Nighthawk Radiology Holdings, Inc., et al.*, Case No. CV2010-025059 (Maricopa County, Ariz.)). Styled as a class action, the Merger Lawsuit alleges that certain of Nighthawk's officers and directors breached their fiduciary duties because they did not provide sufficient information about the Company's value to Nighthawk stockholders, failed to maximize stockholder value in

---

[3] This is known as a "cash-out merger," which differs significantly from a stock-for-stock merger, in which stockholders of the target company receive stock in the acquiring company.

| | | |
|---|---|---|
| **DEFS' MEMORANDUM ISO**<br>**MOTION TO DISMISS VERIFIED**<br>**DERIVATIVE COMPLAINT**<br>2:10-cv-00450-BLW | - 3 - | **WILSON SONSINI GOODRICH & ROSATI**<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104-7036<br>Tel: (206) 883-2500<br>Fax: (206) 883-2699 |

the Merger, and did not engage in an adequate and fair sales process. *Id.* On December 7, 2010, the Merger Lawsuit was consolidated with five similar actions,[4] and later designated a complex civil case in Maricopa County, Arizona. On November 24, 2010, the parties to the Merger Lawsuit, including Mr. Israni, and the parties to related lawsuits in the Delaware Chancery Court and the United States District Court for the District of Arizona,[5] executed a memorandum of understanding to settle their lawsuits, subject to the filing of a formal stipulation of settlement, and the preliminary and final approval of the appropriate courts.

## ARGUMENT

**I. Delaware Law Governs Post-Merger Derivative Standing in this Action.**

Because Nighthawk was a Delaware corporation, Delaware law applies to the substantive issues in this action. *Kamen v. Kemper Fin. Servs.*, *Inc.*, 500 U.S. 90, 101 (1991) (the law of the state of incorporation generally governs the internal matters and governance of a corporation); *see* Idaho Code § 30-1-1505 (Idaho statutes governing corporations do "not authorize this state to regulate the organization or internal affairs of a foreign corporation authorized to transact business in this state"); *Orrock v. Appleton*, 213 P.3d 398, 402 (Idaho 2009) (applying Delaware law to the substantive issues of a claim involving a Delaware corporation) (citing *Kamen*, 500 U.S. at 101).

---

[4] These cases are: *LaLone v. Nighthawk Radiology Holdings, Inc., et al.*, Case No. CV2010-028112; *Watts v. Engert, et al.*, Case No. CV2010-028127; *LaTorre v. Nighthawk Radiology Holdings, Inc., et al.*, Case No. CV2010-028176; *Newman v. Engert, et al.*, Case No. CV2010-028262; and *Yu v. Engert et al.*, Case No. CV2010-028403.

[5] These cases are *Scully v. Nighthawk Radiology Holdings, Inc., et al,.* C.A. No. 5890-VCL (Del. Ch.); and *Clayton v. Engert, et al.*, Case No. 10-CV-02274 (NVW) (D. Ariz.).

DEFS' MEMORANDUM ISO
MOTION TO DISMISS VERIFIED
DERIVATIVE COMPLAINT
2:10-CV-00450-BLW

- 4 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

**II. Plaintiff Does Not Have Standing Because He is No Longer a Nighthawk Stockholder.**

It is a "well-established precept" of Delaware law that a derivative plaintiff loses his standing to sue on behalf of a corporation when a merger eliminates his ownership of shares in that corporation. *Lewis v. Ward*, 852 A.2d 896, 901 (Del. 2004) ("When a merger eliminates a plaintiff's shareholder status in a company, it also eliminates her standing to pursue derivative claims on behalf of that company."). This makes sense. A derivative claim is an action that is brought by a stockholder on behalf of a corporation to recover for alleged harms done to that corporation. Since a stockholder suing derivatively is bringing a corporate claim, not a personal one, the stockholder must maintain his or her status as a stockholder for that corporation in order to continue the litigation. *Kramer v. Western Pac. Indus.*, 546 A.2d 348, 354 (Del. 1988) ("To have standing to maintain a shareholder derivative suit, a plaintiff must be a shareholder at the time of the filing of the suit and must remain a shareholder throughout the litigation.").

Accordingly, a "plaintiff who ceases to be a shareholder, whether by reason of a merger or for any other reason, loses standing to continue a derivative suit." *Lewis v. Anderson*, 477 A.2d 1040, 1049 (Del. 1984). In the context of a corporate merger, "derivative claims pass by operation of law to the surviving corporation, which then has the sole right or standing to prosecute the action." *Ward*, 852 A.2d at 901; *see also In re Syncor Int'l Corp. S'holders Litig.*, 857 A.2d 994, 998 (Del. Ch. 2004) (same); *Alabama By-Products Corp. v. Cede & Co.*, 657 A.2d 254, 264 (Del. 1995) ("In the context of a corporate merger, the former shareholders of the merged corporation lose standing to maintain a derivative suit once their ownership of stock is eliminated.") (citing 8 Del. Code § 259(a)). Because the surviving corporation has the sole right to prosecute any claims that might exist on behalf of the acquired corporation, a derivative action filed on behalf of the acquired corporation must be dismissed upon the completion of the merger.

DEFS' MEMORANDUM ISO
MOTION TO DISMISS VERIFIED
DERIVATIVE COMPLAINT
2:10-CV-00450-BLW

- 5 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

*See* 8 Del. C. § 259(a) (when a merger becomes effective, "all property, rights, privileges, powers and franchises, and all and every other interest" shall be vested in the surviving corporation).

Here, there can be no dispute that plaintiff lost his status as a Nighthawk stockholder upon the closing of the Merger, when Nighthawk became a wholly-owned subsidiary of vRad, ceased to exist as a separate publicly-traded corporation, and any Nighthawk stock that plaintiff owned was converted to cash. Plaintiff's standing was thus extinguished. As plaintiff has conceded in his complaint in the Merger Lawsuit, "[u]nder Delaware law, a stockholder loses standing to prosecute a derivative claim on behalf of a company once that company ceases to exist." Ex. D at 18, n.1.

### III. Plaintiff Cannot Maintain Standing Under Any Exceptions Available in Delaware Law.

Delaware law recognizes only two limited exceptions to the rule that a derivative plaintiff will lose standing following a merger: (1) if the derivative complaint makes sufficient allegations that the merger itself is the result of a fraud perpetrated merely to deprive shareholders of standing to bring a derivative action, or (2) if the merger is merely a reorganization that does not affect plaintiff's ownership in the business enterprise. *Ward*, 852 A.2d at 899.[6]

Neither exception applies here. First, the Merger was clearly not a corporate reorganization that does not affect plaintiff's ownership in the business enterprise. *Ward*, 852

---

[6] Delaware law also allows for the possibility of a double derivative action, brought by a stockholder of a surviving corporation for recovery on a claim originally belonging to an acquired corporation. *Rales v. Blasband*, 634 A.2d 927, 932 (Del. 1993). To have standing for a double derivative action, however, a plaintiff's stock in the acquired corporation must have been converted to stock in the surviving corporation. *Id*. Here, plaintiff's stock was not: it was converted to *cash* upon the Merger.

DEFS' MEMORANDUM ISO
MOTION TO DISMISS VERIFIED
DERIVATIVE COMPLAINT
2:10-CV-00450-BLW

- 6 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

A.2d at 904.  To the contrary, the Merger divested Nighthawk stockholders, including the plaintiff, of their stock in exchange for cash, and resulted in Nighthawk becoming a wholly-owned subsidiary of an entirely distinct company, with separate directors, officers, assets, and stockholders.  In such circumstances, the "'mere organization exception' . . . has no applicability."  *Ward*, 852 A.2d at 904 (internal citation omitted).

Second, the Complaint in this action does not make *any allegations* related to the Merger whatsoever, much less does it allege that the Merger was a fraud perpetrated to deprive plaintiff of derivative standing.  Plaintiff cannot cure this defect with arguments made in opposition to this motion.  *Ward,* 852 A.2d at 905 ("a *complaint* seeking to invoke the fraud exception must demonstrate that the merger was fraudulent and done merely to eliminate derivative claims") (emphasis added).

Further, it is clear that plaintiff would be unable to amend the Complaint to make such allegations.  Mere boilerplate, conclusory allegations – such as those contained in plaintiff's Merger Lawsuit – are clearly insufficient to invoke the so-called "fraud exception" to loss of standing.  Rather, the Delaware courts impose a heightened pleading requirement for such allegations, requiring a plaintiff to plead "'particularized facts invoking the fraud exception . . . in order to avoid dismissal.'"  *Ward*, 852 A.2d at 905 (internal citation omitted); *see* Del. Ch. Ct. Rule 9(b) ("the circumstances constituting fraud. . . shall be stated with particularity").

In this case, the Merger was the result of an arm's-length negotiation between two unrelated parties, which included the payment of a 122 percent premium, and which was overwhelmingly approved by Nighthawk's stockholders.  *See supra* pp. 3-4.  Plaintiff makes a cursory allegation in his complaint in the Merger Lawsuit that the Merger was "in response" to federal securities and derivative lawsuits, which caused the individual defendants in the Merger

DEFS' MEMORANDUM ISO
MOTION TO DISMISS VERIFIED
DERIVATIVE COMPLAINT
2:10-CV-00450-BLW

- 7 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Lawsuit (none of whom are also named in this action) to engage in a "scheme and/or course of conduct in an [sic] indemnify them from liability in the aforementioned litigation by finding a buyer who will provide the necessary umbrella." Ex. D at 18, ¶ 2. But plaintiff does not set forth a single fact in his complaint in the Merger Lawsuit to support this boilerplate claim.

Even if this boilerplate allegation from the Merger Lawsuit were also made in this action (it has not been), it would be woefully inadequate to rescue plaintiff's derivative action from dismissal with prejudice. Indeed, such allegations have been resoundingly rejected by Delaware courts. In *Ward*, for example, the Delaware Supreme Court affirmed the dismissal of a complaint where the derivative plaintiff had alleged that a merger was "specifically structured and perpetrated . . . merely to deprive the plaintiff and other common stockholders of standing to prosecute this action." 852 A.2d at 900. Agreeing with the reasoning of the Chancery Court, the *Ward* Court held that plaintiff's allegations failed because they had no factual support – and specifically, because they did not make particularized allegations demonstrating that it would have made economic sense for the board to enter into the merger solely to eliminate the derivative claims, or allege specific facts indicating that the board even considered those claims when it approved the merger. *Id*. at 905-06. The Court found that plaintiff's allegations thus fell far short of the showing necessary to invoke the limited fraud exception: the allegation of particularized facts that support a finding that "the board caused the company . . . to merge with another party *simply to avoid defending the derivative suit rather than for other valid business reasons*." *Id*. at 905-06 (emphasis added) (citation omitted).

In any event, plaintiff has signed a memorandum of understanding to settle the claims in the Merger Lawsuit, under which he agrees that upon execution of the settlement and court approval, he will fully release all claims related to the Merger, including the right to bring any

DEFS' MEMORANDUM ISO
MOTION TO DISMISS VERIFIED
DERIVATIVE COMPLAINT
2:10-CV-00450-BLW

- 8 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

derivative claims associated with the Merger. This release will preclude him from attempting to amend his Complaint in the current action to allege that the Merger was the result of fraud designed to eliminate his derivative standing.

## CONCLUSION

Plaintiff is no longer a stockholder of Nighthawk, and thus does not have standing to bring a derivate claim on its behalf. Because the plaintiff lacks standing, this action should be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also Beck v. Ysursa*, No. cv-07-299-MHW, 2007 WL 4224051, at *2 (D. Idaho Nov. 27, 2007) ("Fed. R. Civ. P. 12(b)(1) allows a defendant to assert by motion the defense of lack of jurisdiction over the subject matter. A defense asserting lack of standing is properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1)").

For the foregoing reasons, Defendants respectfully request that the Court dismiss plaintiff's Verified Shareholder Derivative Complaint with prejudice, as plaintiff's lack of standing is a defect which cannot be cured.[7]

---

[7] In the event that the Court finds that plaintiff has standing to pursue this derivative claim despite the fact that he is no longer a Nighthawk shareholder, Defendants will file a motion to dismiss or for judgment on the pleadings on the grounds that plaintiff did not make the required demand on the Nighthawk board of directors before commencing this action. *Aronson v. Lewis*, 473 A.2d 805 (Del. 1984), *overruled on other grounds, Brehm v. Eisner*, 746 A.2d 244 (Del. 2000) (a would-be derivative plaintiff must either make a demand on a corporation's board of directors before commencing a lawsuit, or make the difficult showing that such a demand is excused because it would have been futile).

**DEFS' MEMORANDUM ISO
MOTION TO DISMISS VERIFIED
DERIVATIVE COMPLAINT**
2:10-CV-00450-BLW

- 9 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Dated: January 14, 2011

/s/Gregory L. Watts
GREGORY L. WATTS, *pro hac vice*
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
650 Page Mill Road
Palo Alto, CA 94303
Telephone: 650/565-3916
Facsimile: 650/565-5100
Email: gwatts@wsgr.com

CLAIRE L. DAVIS, *pro hac vice*
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: 206/883-2500
Facsimile: 206/883-2699
Email: cldavis@wsgr.com

Lead Counsel for Defendants

/s/Richard H. Greener
RICHARD H. GREENER
**GREENER BURKE SHOEMAKER P.A.**
950 W. Bannock Street, Suite 900
Boise, ID 83702
Telephone: 208/319-2600
Facsimile: 208/319-2601
Email: rgreener@greenerlaw.com

Liaison Counsel for Defendants

**DEFS' MEMORANDUM ISO MOTION TO DISMISS VERIFIED DERIVATIVE COMPLAINT**
2:10-CV-00450-BLW

- 10 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of January, 2011, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>**Kenneth L Pedersen**
>klpedersen@pedersen-law.com
>
>**William B Federman**
>wbf@federmanlaw.com
>
>**Jarom A Whitehead**
> jwhitehead@pedersen-law.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via First Class mail, postage prepaid, addressed as follows:

>**Marc S Henzel**
>273 Montgomery Ave, Suite 202
>Bala Cynwyd, PA 19004

Dated:  January 14, 2011

/s/Gregory L. Watts
GREGORY L. WATTS

**DEFS' MEMORANDUM ISO
MOTION TO DISMISS VERIFIED
DERIVATIVE COMPLAINT**
2:10-CV-00450-BLW

- 11 -

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699